**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

United States of America,                                    Case No. 3:17CR159

                 Plaintiff

        v.                                                           **ORDER**

Phillip Michael Carl,

                 Defendant

       This is a criminal case in which a federal grand jury has indicted the defendant, Phillip

Michael Carl, on charges of sexual exploitation of a minor, 18 U.S.C. § 2251(a); enticement of a

minor, 18 U.S.C. § 2422(b); and receipt of child pornography, 18 U.S.C. § 2252(a)(2).

       Pending is the defendant's motion to sever the sexual-exploitation charge from the remaining

two counts. (Doc. 21).

### Discussion

       The exploitation charge alleges that defendant used the camera on his cellular phone to take

a picture of his five-year-old cousin A.M.'s vaginal area. (Doc. 22 at 2, 5). According to the

government, the photo depicts A.M.'s "pants pulled down, her head cut off, and her vaginal area as

the focal point." (*Id.* at 5).

       The enticement charge, in contrast, depends on defendant's attempt, via online chats, to

persuade a thirteen-year-old girl (who, unbeknownst to defendant, was an undercover police officer

posing as a child) to send him nude photos of herself. (*Id.* at 2–3). The receipt charge involves defendant's alleged possession of child pornography that does not feature A.M. (*Id.* at 3).

Defendant contends that a joint trial on all three charges would prejudice his ability to defend against the enticement charge. (Doc. 21 at 3).

He intends to argue that the photo of A.M. does not constitute "sexually explicit content" because the photo is not "lascivious." (Doc. 21 at 4); *see* 18 U.S.C. § 2256(2)(A)(v) (defining sexually explicit content as "lascivious exhibition of the genitals or pubic area"). But if the jury learns of the evidence underpinning the other two counts, defendant contends, it is likely to draw the impermissible inference that he has a propensity to view child pornography, and from there conclude that he must be guilty of the enticement charge.

The government responds that a severance is unwarranted because, *inter alia*, the evidence underpinning counts two and three would be admissible, via Fed. R. Evid. 404(b), to prove the exploitation charge.

In its view, defendant's denial that the image of A.M. is "sexually explicit content" opens the door to evidence that "he knew, intended, planned, and had the motive to produce sexually explicit conduct involving a minor." (Doc. 22 at 9). Because the evidence related to the enticement and receipt charges is therefore admissible to prove the exploitation charge, the government argues that joinder, not severance, is the appropriate course.

Having considered these arguments and the Circuit's controlling decision in *U.S. v. Brown*, 579 F.3d 672 (6th Cir. 2009), I conclude that: 1) the evidence underpinning the enticement and receipt counts is inadmissible as to the exploitation charge; and, consequently 2) a severance is necessary to avoid the substantial risk of severe prejudice to the defense.

## A. Intent and "Sexually Explicit Conduct"

To prove that defendant committed the offense of sexual exploitation of a minor, the government must establish that: 1) the victim was less than 18 years old; 2) the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and 3) the defendant produced the visual depiction using materials transported in interstate or foreign commerce. 18 U.S.C. § 2251(a).

As noted above, "sexually explicit conduct" includes the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Under Sixth Circuit precedent, the factfinder may consider six factors when determining whether a visual depiction is "lascivious":

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*U.S. v. Daniels*, 653 F.3d 399, 407 (6th Cir. 2011); *see also U.S. v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986) (the case that developed these factors).

In *Brown*, *supra*, 579 F.3d at 683, the Sixth Circuit adopted the so-called "limited context" test for determining whether a visual depiction was "intended or designed to elicit a sexual response in the viewer."

Under this approach, which charted a middle ground between the approaches that other circuits had taken, the factfinder may consider a limited amount of information, beyond the four corners of the image, to determine whether the defendant intended the image to produce a sexual response in the viewer:

> In sum, while the context in which an image was taken likely helps a factfinder understand whether an image was intended to elicit a sexual response in the viewer, there is a countervailing and significant risk that a context-specific test could reach too broadly and "over-criminalize" behavior. In light of these competing concerns, we find that it is appropriate to apply a "limited context" test that permits consideration of the context in which the images were taken, but limits the consideration of contextual evidence to the circumstances directly related to the taking of the images.

> A number of factors can illuminate the context in which photographs were taken. These include, *inter alia*, evidence about (1) where, when, and under what circumstances the photographs were taken, (2) the presence of other images of the same victim(s) taken at or around the same time, and (3) any statements a defendant made about the images. Consideration of these factors can help factfinders consider the way a defendant "arranged the poses and took the photographs" as discussed in *Rivera*, 546 F.3d at 250, and can help them resolve close judgment calls about whether an image inadvertently focuses on a child's genitalia, or whether it is intended to elicit a sexual response in the viewer.

*Id.* at 683–84.

At the same time, the Circuit was clear that general "bad acts" evidence that is unrelated to the specific image or images at issue is not admissible to prove lasciviousness:

> However, we explicitly reject consideration of factors that do not relate directly to the taking of the images, such as past bad acts of the defendant, the defendant's possession of other pornography (pornography of another type or of other victims),

and other generalized facts that would relate only to the general "unseemliness" of the defendant.

*Id.* at 684.

As *Brown* makes clear, "[t]he defendant's intent is only relevant to the extent that it informs the factfinder's determination of whether the nude photos [at issue] are lascivious." *U.S. v. Nichols*, 2011 WL 846837, *5 (M.D. Tenn.).

But here, the government's "intent" or Rule 404(b) evidence – i.e., the evidence pertaining to the enticement and receipt charges – has nothing to do with defendant's photographing A.M. Rather, that evidence concerns defendant's online interactions with an undercover police officer and his receipt of child pornography that does not depict A.M. (Doc. 22 at 2–4).

Accordingly, that evidence is not admissible to prove that the image of A.M. is intended or designed to elicit a sexual response in the viewer. *Nichols*, *supra*, 2011 WL 846837, at *5 (relying on *Brown* to exclude evidence of defendant's "collection of unrelated child pornography" in prosecution for producing child pornography featuring only Child A).

## B. Prejudice

Having concluded that the evidence underpinning the enticement and receipt charges is inadmissible as to the exploitation charge, I also agree with the defendant that a severance is warranted.

Most importantly, an instruction directing the jury to consider the government's evidence on the enticement and receipt charges as to only that charge is likely to be ineffective here.

For one thing, the enticement and receipt charges would seem to involve a fairly large amount of evidence (i.e., testimony from the undercover officer whom defendant solicited, the

contents of the online chats, the nature of the child pornography defendant allegedly received, where and how law enforcement learned of defendant's receipt of that material, any statements defendant may have made to law enforcement about his online conduct, etc.). In contrast, the exploitation charge would seem to depend almost entirely on the photo of A.M.

Thus, a limiting instruction would ask the jury to put out of their minds, as they deliberate as to the exploitation charge, any consideration of the bulk of the evidence they had just heard. Despite my faith in the jury, this is a difficult task to place on their shoulders.

For another, the evidence I would ask the jury to ignore is highly and unfairly prejudicial to defendant's ability to defend the exploitation charge.

If the jury were to learn that defendant not only received child pornography, but also asked someone whom he believed to be a minor female to send him naked pictures of herself, it would be hard-pressed not to infer that defendant intended the photo of A.M. to elicit a sexual response in the viewer. But it is for that very reason that *Brown*, *supra*, 579 F.3d at 684, precludes the factfinder from learning about a "defendant's bad acts," his "possession of other pornography," and "other generalized facts that would relate only to [his] 'unseemliness[.]'"

In the end, defendant is entitled to a trial on the exploitation charge free of the evidence underpinning the enticement and receipt charges. The only way to ensure that the highly and unfairly prejudicial nature of that evidence does not compromise his right to a fair trial on the exploitation charge is to grant a severance.

**Conclusion**

It is, therefore,

ORDERED THAT defendant's motion for a severance (Doc. 21) be, and the same hereby

is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
